Appeal from municipal court, borough of Manhattan, Eleventh district.

Action by Louis J. Grant against John Langley. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before ANDREWS, P. J., and O'GORMAN and BLANCHARD, JJ.

James J. Conway, for appellant.
William Tharp, for respondent.

O'GORMAN, J. Accepting defendant's version of the disputed contract as correct, the ruling of the justice in directing a verdict for the plaintiff cannot be assailed. Where an attorney is retained for a particular case, and is discharged without cause, the measure of damage is ordinarily the stipulated compensation. Marsh v. Holbrook, 3 Abb. Dec. 178; 3 Am. & Eng. Enc. Law, 426, 427. The defendant did not attempt to prove that the plaintiff would incur expense in the performance of his duties, and there was, therefore, no ground laid for claiming a deduction from the fee agreed upon.

Judgment affirmed, with costs. All concur.

---

(34 Misc. Rep. 158.)

MEEHAN v. TRADERS' & TRAVELERS' ACC. CO. OF NEW YORK.

(Supreme Court, Appellate Term. February 25, 1901.)

ACCIDENT INSURANCE—TERMS OF POLICY—RISKS EXCEPTED—POISON—VOLUNTARY ACT.

   A policy sued on excepted injuries resulting from poison or contact with poisonous substances. Plaintiff, while holding such policy, was injured by a woman throwing carbolic acid in his face. *Held*, that the exemption from liability was not confined to cases where the poison was taken internally, or the contact with the poisonous substance was voluntary, but included the case stated, and plaintiff could not recover.

Appeal from city court of New York, general term.

Action by Patrick A. Meehan against the Traders' & Travelers' Accident Company of New York. From a judgment of the general term of the city court of New York (68 N. Y. Supp. 1143) affirming a judgment of the trial term in favor of plaintiff, defendant appeals. Reversed.

Argued before ANDREWS, P. J., and O'GORMAN and BLANCHARD, JJ.

A. Crook, for appellant.
Hawkes & Flannery, for respondent.

BLANCHARD, J. Plaintiff, while the holder of a certificate of membership in the defendant company, insuring him against bodily injuries during his membership, sustained certain injuries on August 23, 1899, by a woman throwing carbolic acid in his face. Plaintiff recovered judgment at trial term of the city court, which was affirmed upon appeal to the general term of that court, and an appeal from such affirmance taken to this court. The question here presented for consideration arises by reason of one of the conditions

contained in the certificate of membership upon which this suit is founded, wherein it was stipulated that the defendant should not be liable for "injuries, fatal or otherwise, resulting directly or indirectly from, or in any wise contributed to, by * * * poison in any form or manner, or contact with poisonous substances." It is conceded that carbolic acid is a poison, but plaintiff contends that the injuries resulting from the effects of the throwing of the carbolic acid were not caused by "poison in any form or manner, or contact with poisonous substances," within the meaning of the membership certificate, claiming the word "poison" therein is used in its ordinary meaning, as a substance taken internally. It would seem that this position is assumed because of the opinion of the presiding justice in the case of Bacon v. Association, 44 Hun, 599, and appears to be the sole basis for this contention. A reference to the opinion discloses the fact that in that case (page 602) the insured stated in his application for insurance that he was aware that the benefits "will not extend * * * to death or disability caused wholly or in part * * * by taking of poison in any form or manner." There the application was made part of the certificate, and the expression of opinion of the learned presiding justice was made in view of the use of the word "taking." The case was reversed upon appeal (123 N. Y. 304, 25 N. E. 399), but the opinion of the court of appeals does not touch upon the point here under consideration. There is a very evident distinction between the use of the words "by taking of poison" and "by poison." The expression "by taking of poison" may very well be held to mean the internal use of poison, but such cannot be considered the meaning of the words of the certificate in this case, except by a forced construction. This distinction is pointed out by Judge Gray in his opinion in the case of Paul v. Insurance Co., 112 N. Y. 472, 478, 20 N. E. 347, 349, 3 L. R. A. 443, 446, where the words "inhaling of gas" were under consideration in connection with a clause in a policy relieving defendant from liability for injuries occasioned by the "inhaling of gas." The court there held that those words applied only to a voluntary and intelligent action on the part of the insured. The death of the insured was occasioned by the gas being turned on in a room where insured was sleeping and breathing the air impregnated with the gas. Judge Gray said: "If the policy had said that it was not to extend to any death caused wholly or in part by gas, it would have expressed precisely what the appellant now says is meant by the present phrase, and there could have been no room for doubt." Here the words of the certificate are "by poison" and not "by taking poison," making the language of Judge Gray directly in point.

The further contention of plaintiff, that by the subsequent words "contact with poisonous substances" is meant and intended a voluntary and conscious action of plaintiff, is likewise without force. This argument is based upon the Paul Case, just cited, and that of Menneiley v. Assurance Corp., 148 N. Y. 596, 43 N. E. 54, 31 L. R. A. 686, in both of which the decisions are predicated upon the use of the word "inhale" in connection with gas, and therefore can have no application here; for neither that word, nor any words of similar

effect, are found in the membership certificate in this case. The rule is well settled that, where the meaning of words in such a certificate as is here under consideration is in doubt, they should be construed most strongly against the insurer, and the benefit of all doubt given to the insured. In this case the meaning is clear and beyond any doubt. McGlother v. Accident Co., 32 C. C. A. 318, 89 Fed. 685. The injuries suffered by plaintiff were occasioned "by poison" or by "contact with poisonous substances," within the meaning of the certificate.

The judgment and order of the city court must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.